QUESTION: May a person whose name has been changed because of "marriage or other legal process," initially register to vote in his or her birth name in view of the statutory provisions which require that an elector take certain action when his or her name changes?
SUMMARY: A person must initially register to vote in his or her "true" name. The "true" name of a person whose name has been changed by judicial decree is the name decreed by the court and is the name which must be used upon initial registration as an elector. The "true" name of a married woman who chooses to retain her maiden or birth surname and who does not adopt her husband's surname and uses and is known by her maiden name is her given name and her birth surname. The "true" name of a married woman who follows the existing custom and tradition and upon marriage adopts and thereafter uses and is known by her husband's surname is, until otherwise determined by the courts or the enactment of appropriate controlling legislation, her given name and her husband's surname for purposes of original voter registration. Section 97.103, F. S., makes it the duty of an elector to advise the supervisor of elections of "any changes in his record with reference to name by marriage or other legal process." Section 97.091(2), F. S., requires that an elector whose name changes "because of marriage or other legal process" execute a specified affidavit in order to remain eligible to vote. It should be noted, however, that these provisions relate only to changes in the names of persons who are already registered electors. Cf. AGO 074-348. The question of what name a person may or must use at the time of his or her original registration as a voter requires an examination of the statutory provisions relating to initial registration. Such provisions are discussed at length in AGO 074-348, where I concluded, in summary: A person may not register as an elector under an assumed name; in registering as an elector the individual must be identified by his or her "true" name, i.e., one's given name and family surname. Where one's original given name and/or family surname have been changed by legal process — as in the case of a judicial decree in an adoption, dissolution of marriage, or change of name proceeding — such new name decreed by the court becomes one's "true" name and is the name which must be used for purposes of an initial registration as an elector. With respect to the effect of marriage on one's "true" name, in Davis v. Roos, !mLN!x So.2d !mLN!x (1 D.C.A. Fla., Case No. X-369, decided February 3, 1976), the court recently concluded: . . . [A]fter reviewing the extensive authorities on the subject, we conclude that the common law of England on July 4, 1776, did not by operation of law engraft the husband's surname upon the wife. In Florida there is no statute or judicial decision requiring a woman to take her husband's surname upon marriage. Although it is the general custom for a woman to change her name upon marriage to that of her husband, the law does not compel her to do so. Accordingly, upon the authority of that decision, where a married woman chooses to retain her maiden or birth name, does not adopt her husband's surname, and in fact uses and is known by her maiden name, the law does not operate to change her original surname to that of her husband and her "true" name for purposes of voter registration in those circumstances would be unchanged by the change in her marital status. As recognized by the court in the Davis case, supra, "it is the general custom for a woman to change her name upon marriage to that of her husband." Such custom is so well recognized and deeply ingrained in our custom and tradition in Florida that I am of the opinion, until otherwise determined by the courts or the enactment of appropriate controlling legislation, that when a woman follows the existing general custom and tradition and upon marriage adopts and thereafter is known by her husband's surname, his surname becomes and is her "true" surname for purposes of original voter registration.